IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01584-BNB

JEREMY NECHOL DENISON,

    Plaintiff,

v.

COLORADO DEP'T OF CORRECTIONS,
CORRECTIONAL HATH PARTNERS, Utilization Mgmt. Comm.,
JILL LAMPELA, CSP HSA,
NEAL LOUSBERG, CSP Medical Provider,
RICHARD HODGE, CSP Medical Provider,
MARK WIENPAL, CSP Medical Provider,
KATHLEEN BOYD, CSP Medical Provider,
ANTHONY DeCESARO, Grievance Officer for CDOC, and
JOSEPH WRIGHT, CSP Medical Director,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW IN PART
TO DISTRICT JUDGE AND MAGISTRATE JUDGE

    Plaintiff, Jeremy Nichol Denison, is a prisoner in the custody of the Colorado Department of Corrections. He currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 28 U.S.C. §§ 1343 and 1367 and 42 U.S.C. § 1983, alleging that his rights under the United States Constitution have been violated.

    The Court construes the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed in part and drawn in part to a district judge and a magistrate judge.

Generally, Plaintiff asserts he has been denied adequate medical treatment for more than four years. Plaintiff further asserts that defendants have failed to comply with a settlement that was entered into in Case No. 06-cv-02385-CMA-KLM which provided that an MRI would be done to determine the source of pain in his back. He further asserts that his continued use of pain medication has now caused damage to his kidneys. Plaintiff seeks declaratory and injunctive relief and money damages.

Any claim against Defendant Colorado Department of Corrections is barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).

Although the Eleventh Amendment does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief and not retrospective relief for alleged violations of federal law, Plaintiff must assert a claim for prospective relief against individual state officers. *Verizon Maryland v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)); *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007). Defendant Colorado Department of Corrections, therefore, is an improper party to this action and will be dismissed.

Plaintiff's claim against Defendant DeCesaro, a grievance officer, fails because "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."

*Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted).  Defendant DeCesaro therefore is an improper party to this action and will be dismissed.

The claims asserted against the remaining Defendants will be drawn to a district judge and a magistrate judge.  Accordingly, it is

ORDERED that Defendants Colorado Department of Corrections and Anthony DeCesaro are dismissed as improper parties to this action.  It is

FURTHER ORDERED that the Complaint as asserted against remaining Defendants shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  15th  day of   August  , 2013.

BY THE COURT:

 s/ Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court