IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01584-PAB-MEH

JEREMY NECHOL DENISON,

    Plaintiff,

v.

CORRECTIONAL HEALTH PARTNERS, Utilization Mgmt Comm.,
NEAL LOUSBERG, CSP Medical Provider, and
KATHLEEN BOYD, CSP Medical Provider,

    Defendants.

## AMENDED ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Plaintiff's Motion for Appointment of Counsel [filed May 8, 2014; docket #68] requesting that the Court appoint counsel to represent him. Under 28 U.S.C. § 1915(e)(1), a district court may, in its broad discretion, appoint counsel to an indigent party in a civil case. *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991). The Court has recently approved a pilot program for the implementation of a "civil pro bono panel." Through this program, "a pro se litigant who is incarcerated ... may be eligible for appointment of counsel from the Panel, within the judicial officer's discretion." *See* Part III.B.(3) of the U.S. District Court's Pilot Program to Implement a Civil Pro Bono Panel, http://www.cod.uscourts.gov/Portals/0/Documents/Announcements/FINAL-Civil-Pro-Bono-Plan-General-Order_06-05-2013.pdf. The Court must evaluate a prisoner pro se litigant's motion for appointment of counsel by considering:

    (a) the nature and complexity of the action;

      (b) the potential merit of the pro se party's claims;

      (c) the demonstrated inability of the pro se party to retain counsel by other means; and

      (d) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.

*Id.* Here, the Plaintiff contends that, since or before 2004, he has experienced debilitating back pain. This litigation has now proceeded past a motion to dismiss, and two claims against two defendants for failure to order an MRI and for discontinuation of helpful medication have survived. Based on the nature of Plaintiff's physical state, and the complexity of the legal issues raised (some which may require review of extensive medical records), I will direct that the Clerk of the Court select an attorney from the Civil Pro Bono Panel to represent the Plaintiff in this case.

      Accordingly, based on the foregoing and the entire record herein, Plaintiff's Motion for Appointment of Counsel [filed May 8, 2014; docket #68] is **granted**.  The Clerk of the Court shall select an attorney by first determining whether an attorney has previously represented the Plaintiff, and if not, by selecting an appropriate attorney from the Civil Pro Bono Panel to represent the Plaintiff in this case.

      Dated at Denver, Colorado, this 12th day of May, 2014.

                                                  BY THE COURT:

                                                  */s/ Michael E. Hegarty*

                                                  Michael E. Hegarty
                                                  United States Magistrate Judge