IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01584-PAB-MEH

JEREMY NECHOL DENISON,

    Plaintiff,

v.

CORRECTIONAL HEALTH PARTNERS, Utilization Mgmt Comm.,
NEAL LOUSBERG, CSP Medical Provider, and
KATHLEEN BOYD, CSP Medical Provider,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Michael E. Hegarty ("Recommendation") filed on March 18, 2015 [Docket No. 125]. The magistrate judge recommends that the Court grant the Motion for Summary Judgment [Docket No. 101] filed by defendant Correctional Health Partners ("CHP") and the Motion for Summary Judgment filed by defendants Boyd and Lousberg [Docket No. 103]. The Recommendation stated that objections to the Recommendation must be filed within fourteen days after its service on the parties. *See* 28 U.S.C. § 636(b)(1)(C). The recommendation was served on March 19, 2015, and Plaintiff filed objections to the Recommendation on April 13, 2015. Although plaintiff's objections were untimely, in the interest of justice, the Court will consider them.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

I. **STANDARD OF REVIEW**

Summary judgment is warranted under Fed. R. Civ. P. 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the

evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

## II. ANALYSIS

Plaintiff is currently incarcerated at the Arkansas Valley Correctional Facility in Ordway, Colorado. Plaintiff initiated this action on June 17, 2013, alleging that defendants breached a settlement agreement that assured plaintiff of access to medical providers and that defendants subsequently violated his Eighth Amendment rights against cruel and unusual punishment. *See* Docket No. 1. On April 28, 2014, the Court accepted the April 3, 2014 Recommendation of United States Magistrate Judge Michael E. Hegarty and dismissed many of plaintiff's original claims. *See* Docket No. 64 (accepting Docket No. 59). Plaintiff's remaining claims are: (1) a claim for violation of the Eighth Amendment against defendant Boyd for her alleged failure in August 2012 to request an MRI for plaintiff's back problem, (2) a claim for breach of contract against defendant Boyd, (3) a claim for violation of the Eighth Amendment against defendant Lousberg for discontinuing plaintiff's prescription for the drug gabapentin in July 2012, *see* Docket No. 1 at 2, and (4) a claim for violation of the Eighth Amendment against CHP. Further relevant facts are set forth in detail in the Recommendation, *see* Docket No. 125 at 2-20, and will not be recited here except as relevant to the Court's de novo review.

### A. Plaintiff's Eighth Amendment Claims

The magistrate judge recommends granting summary judgment as to plaintiff's Eighth Amendment claims against defendants Boyd, Lousberg, and CHP. The Eighth

Amendment's ban on cruel and unusual punishment is violated if a defendant's "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1076)).  A claim for deliberate indifference has both an objective and a subjective component.  To satisfy the objective component, a prisoner must demonstrate that his medical need is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A medical need is sufficiently serious if "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citation omitted).  The magistrate judge found that plaintiff's condition satisfies the objective component, *see* Docket No. 125 at 27-28, 31, and no defendant objected to that finding.  The Court has reviewed this aspect of the Recommendation to satisfy itself that there is "no clear error on the face of the record."[1]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.

To satisfy the subjective component of deliberate indifference, a prisoner must demonstrate that the defendant acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834.  "'[D]eliberate indifference' is a stringent standard of fault." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997).  "[T]he subjective component is not satisfied, absent an extraordinary degree of neglect." *Self*, 439 F.3d at 1232.

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

Instead, the defendant must "know[] of and disregard[] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

### *1. Defendant Boyd*

Plaintiff objects to the Recommendation's finding that no genuine issue of material fact exists concerning whether defendant Boyd disregarded a substantial risk of harm to plaintiff when she allegedly denied plaintiff's request for approval of an MRI in August 2012.[2] Docket No. 128 at 3. Specifically, plaintiff complains that defendant Boyd's notes from her examination of plaintiff in August 2012, in which she observed that plaintiff walked to the medical department with a "steady gait" and was in "no apparent distress," *see* Docket No. 110-1 at 71, were "much too cursory to determine any medical need, let alone one necessitating the medical need for an MRI." Docket No. 128 at 3.[3] Plaintiff's argument is insufficient to create a genuine dispute of fact as

---

[2]The parties dispute whether plaintiff asked defendant Boyd about approval of an MRI on August 6, 2012. Plaintiff alleges that he did so, *see* Docket No. 1 at 8, ¶ 17, and defendant Boyd did not recall the request. *See* Docket No. 103 at 12-13, ¶ 73. For the purposes of this order, the Court assumes such a request was made.

[3]Plaintiff also argues that defendant Boyd demonstrated deliberate indifference based on her conduct after CHP denied an August 2011 request for an MRI that defendant Boyd made on plaintiff's behalf. *See* Docket No. 128 at 3. In that instance, defendant Boyd requested an MRI and noted in the request that the request was originally made by another of plaintiff's treaters, Dr. Koons, and that the request was originally approved but the MRI was never performed. *See* Docket No. 110-1 at 63-64. CHP denied defendant Boyd's request for an MRI in September 2011 and requested "notes with a physical exam." Docket No. 102-3 at 4. Defendant Boyd stated that, following CHP's denial, she was unable to justify a request for an MRI of plaintiff based on her own examinations of him. Docket No. 103-3 at 7, ¶ 47. Plaintiff argues that defendant Boyd should have either referred CHP to Dr. Koons' earlier notes or

5

to the subjective component of deliberate indifference. An "allegation that [an] examination was cursory," without more, "does not sufficiently allege deliberate indifference rather than mere medical malpractice." *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008). As such, the Court finds no error with respect to this aspect of the Recommendation.

### *2. Defendant Lousberg*

Plaintiff objects to the Recommendation's finding that no genuine dispute of fact exists concerning whether defendant Lousberg violated plaintiff's Eighth Amendment rights when he discontinued plaintiff's prescription for the medication gabapentin (brand name Neurontin). Defendant Lousberg discontinued plaintiff's gabapentin prescription after reports from the nursing department that plaintiff had been hoarding the medication. Docket No. 110-1 at 70. Defendant Lousberg further noted that he considered gabapentin to be "nonessential medication" for plaintiff. *Id.* The Recommendation found that plaintiff's complaints about defendant Lousberg amounted to a mere difference of opinion, which cannot sustain a deliberate indifference claim. Docket No. 125 at 32-33. Plaintiff states that defendant Lousberg knew that no other treatment would effectively treat his pain and argues that a dispute of fact exists as to whether defendant Lousberg believed in good faith that plaintiff was hoarding the medication. Docket No. 128 at 5. The Court overrules plaintiff's objection. Plaintiff

---

conducted an examination and submitted notes of her own to secure the MRI. Docket No. 128 at 3. Plaintiff's arguments relate to defendant Boyd's conduct in August 2011, and those claims have already been dismissed. *See* Docket No. 64 at 2. Because these objections do not relate to defendant Boyd's conduct in August 2012, the Court does not consider them.

points to no evidence other than his own statements that no other treatments were effective and identifies no evidence to suggest that defendant Lousberg did not believe in good faith that plaintiff was hoarding his medication. "In the absence of any evidence showing that plaintiff's medication was discontinued for a reason other than suspected abuse, plaintiff has failed to raise an issue of fact requiring resolution by a jury." *Atakpu v. Lawson*, 2008 WL 5233467 at *11 (S.D. Ohio Dec. 11, 2008); *see also Shea v. Wheeler*, 2001 WL 34376846 at *6 (W.D. Wisc. June 19, 2001) (granting summary judgment on Eighth Amendment claim where healthcare provider relied on incidents that "indicate misuse of medication").

### 3. CHP

Plaintiff objects to the Recommendation's finding that CHP could not be held responsible for the alleged tortious acts of its employee on a *respondeat superior* theory. Docket No. 128 at 8-10. "[Section] 1983 liability for an entity cannot be predicated on *respondeat superior*." *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1211 (10th Cir. 2007) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). Rather, liability for an entity under § 1983 must be based on a "single decision by policymakers," *id.* at 1212, or an entity's wrongful policy or custom. *See Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006). Plaintiff argues that CHP's four "automatic denial[s]" of requested treatment demonstrate a custom of denying initial requests for evaluation or treatment. Docket No. 128 at 8-9. The Court disagrees. Plaintiff points to no evidence that CHP's denials of his requested care were "automatic" or were not otherwise the product of the sincere opinions of CHP's

employees. Nor does plaintiff provide any evidence from which a reasonable jury could conclude that CHP's employees acted pursuant to an official policy when they denied plaintiff treatment on four specific occasions. Accordingly, the Court finds no error with this aspect of the Recommendation.

### B. Breach of Contract

The Recommendation found that there is no genuine dispute of material fact concerning whether defendant Boyd's failure to schedule an MRI breached a February 24, 2009 settlement agreement. Docket No. 125 at 35-36. The magistrate judge found that the settlement agreement entitled plaintiff to (1) a priority appointment with Dr. Koons (which plaintiff received), (2) approval of additional facet block injections if Dr. Koons recommended them (Dr. Koons recommended a different treatment), and (3) a priority follow-up appointment with Dr. Koons (which plaintiff received in July 2010). *Id.* at 35. Plaintiff states that Dr. Koons did not request an MRI during plaintiff's May 2009 appointment because plaintiff's medical file showed that a request was already pending, Docket No. 128 at 7, that the settlement agreement provided for "evaluation," which entitled plaintiff to an MRI, and that defendant Boyd breached the settlement agreement by determining that the MRI was not necessary and by failing to inform a specialist that the MRI did not occur and the specialist would have to request it himself. *Id.*[4]

Plaintiff's objection does not challenge the Recommendation's findings concerning the treatment to which he was entitled under the settlement agreement or

---

[4]The MRI was initially approved in November 2010 but was never performed due to a misunderstanding. *See* Docket No. 110-1 at 12, ¶¶ 70-72.

the finding that he received that treatment.  Plaintiff has not demonstrated that the settlement agreement entitled him to any specific treatment (besides facet block injections, which was conditioned on Dr. Koons' recommendation), and he does not dispute that he received the priority appointment and follow-up appointment to which the agreement entitled him.  Plaintiff states that defendant Boyd was "obligated to ensure performance" of whatever medical recommendation occurred as a result of his follow-up medical appointment.  Docket No. 128 at 8.  Plaintiff, however, does not dispute the Recommendation's finding that the MRI that Dr. Koons ordered did not occur for reasons unrelated to defendant Boyd.  In sum, the Court finds that plaintiff's objection does not challenge any of the Recommendation's legal or factual findings.  Accordingly, his objection is not specific enough to "focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *2121 East 30th Street*, 73 F.3d at 1059.  The Court has reviewed the Recommendation's finding and is satisfied that there is no clear error on the face of the record.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 125] is **ACCEPTED**.  It is further

**ORDERED** that defendant Correctional Health Partners' Motion for Summary Judgment [Docket No. 101] is **GRANTED**.  It is further

**ORDERED** that defendants Neal Lousberg and Kathleen Boyd's Motion for Summary Judgment [Docket No. 103] is **GRANTED**.  It is further

9

**ORDERED** that, within 14 days of the entry of judgment, defendants may have their costs by filing a bill of costs with the Clerk of the Court. It is further

**ORDERED** that this case is dismissed in its entirety.

DATED August 26, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge